KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue,10th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6909
    Facsimile:   (415) 436-6748
    Email:      jonathan.lee@usdoj.gov

Attorneys for Defendant USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAWN LEE HILLER and STACEY HILLER ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA and ) <br> DOES 1 to 20 ) <br> ) <br> Defendant. ) <br> ) | No. C 05-01620 SBA <br><br> **E-FILING CASE** <br><br> **STIPULATION AND** ~~**PROPOSED**~~ **ORDER REGARDING PRODUCTION OF MIRROR IMAGE OF HARD DRIVE OF PLAINTIFF'S COMPUTER** |

      SUBJECT TO THE APPROVAL OF THE COURT, THE PARTIES HEREBY AGREE TO THE FOLLOWING STIPULATION AND PROPOSED ORDER:

      WHEREAS, Plaintiffs Shawn and Stacey Hiller brought this Federal Tort Claims Act lawsuit alleging personal injuries resulting from a motor vehicle collision on February 24, 2004 involving a Jeep driven by Mr. Hiller and a tractor trailer truck operated by United States Postal Service employee Reginald Jones;

      WHEREAS, Plaintiffs seek substantial past and future economic and non-economic damages and before this litigation made a claim for damages in excess of $6 million;

      WHEREAS, in discovery, defendant served a request for all e-mail and other electronic documents stored on plaintiffs' personal computers that were relevant to the subject matter of this litigation, and plaintiffs responded by producing hard copies of e-mail messages;

      WHEREAS, in follow up discovery, defendant requested a mirror image of plaintiffs'

1 personal computer hard drives, to which plaintiffs objected;

2     WHEREAS, after meeting and conferring regarding this disputed discovery issue, the
3 parties have resolved their differences as outlined herein and seek an order of the Court
4 confirming the terms of their compromise resolution.

5     NOW, THEREFORE, IT IS HEREBY STIPULATED as follows:

6     1.    The parties have agreed to follow the protocol set forth in <u>Playboy
7 Enterprises, Inc. v. Welles</u>, 60 F. Supp. 2d 1050 (S.D. Cal. 1999).

8     2.    Under the <u>Playboy Enterprises</u> protocol, the Court appoints an electronic
9 discovery expert ("Expert"), based upon the parties' agreement, to create a
10 "mirror image" of the hard drive in question, in this case that of plaintiff
11 Shawn Lee Hiller.  The parties agree that William Mann, Mann
12 Consulting, San Francisco will be the Expert.

13     3.    The Expert will serve as an officer of the Court.  Defendant will pay for
14 the Expert's services.  Therefore, the attorney-client privilege that may
15 apply to the plaintiff's hard drive is not waived.  The Expert will sign the
16 protective order in effect in this case.

17     4.    The parties agree that the Expert will perform the inspection within 5
18 business days of the Court's entry of the proposed order below.  Other than
19 the Expert, only plaintiffs and their attorney may be present during the
20 inspection.

21     5.    After making a copy of the hard drive, the Expert shall give the mirror
22 image, transferred onto a disk, to plaintiffs' counsel.

23     6.    Within seven days of the Expert's inspection described in paragraph 4
24 above, Plaintiffs' counsel will then produce any responsive documents or
25 communications from the mirror image and create a privilege log for any
26 withheld documents or communications.  The parties agree that the
27 metadata for each document produced, such as the date created and date
28 last edited before the inspection, will be included in the production to

1. defendant.
2. 7. Plaintiffs' counsel will be the sole custodian of and will retain the mirror image disk and copies of all documents retrieved from the disk, throughout the litigation.
3. 8. If any documents cannot be retrieved from hard drive or the retrieved materials constitute less than the whole of data on the hard drive, then plaintiff's counsel will submit a declaration to the Court not later than 7 days following the production described in paragraph 6 above, together with a report signed by the expert explaining the limits of the retrieval achieved.
4. 9. The Parties agree that the Court will have jurisdiction over any disputes arising from this stipulation and proposed order.

**IT IS SO STIPULATED.**

DATED: June 14, 2006                     JONES, CLIFFORD, JOHNSON & JOHNSON

                                                             /S/

                                                      J. Kevin Morrison
Attorney for Plaintiff

DATED: June 14, 2006                     KEVIN V. RYAN
United States Attorney

                                           /S/

Jonathan U. Lee
Assistant United States Attorney
Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: _June 19, 2006_____            _____
                                                        ELIZABETH D. LAPORTE
                                                        U.S. MAGISTRATE JUDGE