**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

SHAWN LEE HILLER and STACEY HILLER,

Plaintiffs,

v.

UNITED STATES OF AMERICA and DOES 1 to 20,

Defendant.

No. C 05-01620 SBA

**ORDER**

[Docket No. 152]

**INTRODUCTION**

Before the Court is defendant United States of America's Motion for Determination of Lien Offset Amount to Be Applied to Judgment (the "Motion") [Docket No. 152], plaintiffs' Memorandum in Opposition (the "Opposition") [Docket No. 157], and the United States' Reply Memorandum (the "Reply") [Docket No. 158]. The Motion is appropriate for resolution without a hearing under Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court GRANTS in part and DENIES in part the Motion. Specifically, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671, *et seq.* and section 3856 of the California Labor Code, plaintiffs Shawn Lee and Stacey Hiller will advise the Court how much of their combined recovery of $76,075 they wish to pay as attorneys' fees, up to a maximum of 25 percent, or $19,018.75. The Court will then offset the California Workers' Compensation lien held by the United States, in the amount of $88,590.65, against Mr. Hiller's recovery of $57,325, but not against Ms. Hiller's recovery of $18,750. As a result, Mr. Hiller will take nothing. The Court will then apportion the attorneys' fees between Ms. Hiller and the United States.

**BACKGROUND**

**1. Pre-Trial, Trial, and Cost Bill Developments**

This personal injury lawsuit arose from a motor vehicle accident on February 24, 2004 involving a United States Postal Service vehicle and a 2004 Jeep Rubicon, owned and driven by

plaintiff Shawn Hiller, a California Highway Patrol (CHP) officer, en route to a CHP training class. Docket 145 (Findings of Fact and Conclusions of Law ("Findings")) at 1:6-9.

On April 19, 2005, Mr. Hiller sued the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671, *et seq.* Docket No. 1 at 1, ¶ 1 (Compl.). He claimed negligence per se and negligence. *Id.* at 3-4. His wife, Stacey Hiller claimed loss of consortium. *Id.* at 5. The Hillers did not request attorneys' fees. *Id.* at 5-6.

As Mr. Hiller was injured on the job, he apparently obtained Workers' Compensation benefits paid by the California State Compensation Insurance Fund (SCIF). SCIF filed a lien in this matter, on May 4, 2005. Docket No. 4. SCIF later updated its lien by filing amendments. Docket Nos. 12-13, 19, 22. SCIF filed a motion to intervene but withdrew it on January 23, 2006, Docket No. 31, after SCIF agreed to assign its lien to the United States, in exchange for a payment of funds to SCIF, Docket No. 32. At trial, the parties stipulated to a lien amount of $88,590.65. Docket No. 126, ¶ 5.

On September 28, 2007, following a bench trial, the Court awarded Mr. Hiller $12,550 for past medical expenses, $7,125 for one-and-a-half months of lost prior wages, and $37,650 in general damages. Findings at 65. The Court also awarded Ms. Hiller $18,750. *Id.* The Court made no findings regarding attorneys' fees. Regarding the SCIF lien, the Court stated, "The parties stipulated that the amount of the United States' lien in this case is $88,590.68, but the matter of how the lien is to be applied is reserved for further proceedings consistent with this Order." *Id.*

The Court then entered judgment on October 11, 2007. Docket No. 146. The Hillers did not file a motion for attorneys' fees within 14 days of the judgment as provided by Federal Rule of Civil Procedure 54, nor have they filed one since. On October, 23, 2007, the Hillers filed a Cost Bill for $22,269.18. *See* Docket No. 147. On November 1, 2007, the United States filed Objections, *see* Docket No. 149, and on November 20, 2008, the Clerk of the Court taxed costs of $14,739.68, *see* Docket No. 151. This same day, the United States filed a Motion for Review of Clerk's Taxation of Costs. *See* Docket No. 154. On February 15, 2008, the Court granted this motion, and denied all costs to the Hillers on two independent grounds: (1) that they failed to opposed the motion; and (2) that had they opposed, the Court would have denied all costs, under the Equal Access to Justice

Act (the "EAJA"), 28 U.S.C. § 2412(a), for misconduct and for their exceedingly low recovery relative to the damages sought. *See* Docket No. 159.

**2.     The United States seeks to offset its Workers' Compensation lien.**

On November 20, 2007, the United States filed a Motion for Determination of Lien Offset Amount to Be Applied to Judgment [Docket No. 152], because the parties could not agree how to offset the United States' lien against the Hiller's recovery under the FTCA. Mot. at 2:14-15. In essence, the parties disagreed how to integrate provisions of the FTCA with provisions of section 3856 of the California Labor Code. This section governs how California courts prioritize costs, attorney's fees, and liens held by employers who have paid Workers' Compensation benefits to an employee injured by a third party tortfeasor, when the employee obtains a recovery from the tortfeasor.

The Hillers assert that under section 3856(b), the Court should first deduct reasonable costs from their recovery, then deduct reasonable attorney's fees from their recovery, and then offset the United States' lien against Mr. Hiller's recovery. Opp'n at 2-4. The United States asserts that the Hillers are attempting to obtain attorneys' fees *in addition* to their recovery, but that under the FTCA, their attorneys are limited to taking up to 25 percent *from* the Hiller's recovery. Mot. at 3:6-16. In support, the United States asserts it has not waived sovereign immunity for a claim of "extra-recovery" fees. *Id.* at 3:6-16. It further asserts that the Hillers may not obtain such fees, as they have not filed an administrative claim for them, as allegedly required by the FTCA. *Id.* at 4:11-5:3. And, it asserts that the FTCA preempts the provisions of section 3856 which provide for such fees and which provide they are awarded *before* offsetting any Workers' Compensation liens. *Id.* at 3:18-4:10; Reply at 4:4-15. It also asserts its lien should be offset against all of Mr. Hiller's damages, *plus* any costs awarded to him by the Court. Mot. at 5:7-7:11. Finally, it asserts the Court should bar attorneys' fees, due to the Hiller's documented misconduct in prosecuting their suit. Reply at 4:17-5:28.

///

///

///

## LEGAL STANDARD

### I. The Supremacy Clause

The Supremacy Clause of the United States Constitution provides a conflict between federal law and state law will be resolved in favor of the former. "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. U.S. Const. art. VI, cl. 2.

### II. Sections 3850, 3852, and 3856 of the California Labor Code

The United States seeks to offset against the Hillers' recovery, a Workers' Compensation lien it purchased from SCIF. The process for offsetting such liens is found in section 3856 of the California Labor Code. In California, an employee may file for Workers' Compensation benefits to address injuries caused by a third-party's tortious conduct, without affecting "his or her claim or right of action for all damages proximately resulting from the injury . . . against any person other than the employer." Cal. Labor Code § 3852; *see Quinn v. State of California*, 15 Cal.3d 162, 164, 124 Cal.Rptr. 1, 539 P.2d 761 (1975). In the event an employee sues such a third person, section 3856(b) of the Labor Code establishes a two-step process for offsetting an employer's or insurer's Workers' Compensation lien.[1] In the first step:

> the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer.

*Id.* § 3856(b); *see Phelps v. Stostad*, 16 Cal.4th 23, 30, 65 Cal.Rptr.2d 360 (1997).

---

[1] An employer or an insurer who pays Workers' Compensation benefits may also make a claim or bring an action against a third person tortfeasor. Labor Code §§ 3850(b), 3852. If only an employer sues a tortfeasor to recover benefits paid, then section 3856(a) governs the offset, rather than section 3856(b); or, if both an employee and an employer sue, then section 3856(c) governs, rather than section 3856(b).

This initial step is mandatory: A court "shall" fix the "amount of reasonable litigation expenses and the amount of attorneys' fees . . . ." Labor Code § 3856(d).

In the second step:

> After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation . . . .

*Id.* § 3856(b); *see Phelps*, 16 Cal.4th at 30.

The purposes underlying this offset process are to prevent an employee's double recovery, *Sea-Land Svc., Inc. v. Workers' Comp. Appeals Bd.*, 14 Cal.4th 76, 82, 58 Cal.Rptr.2d 190, 925 P.2d 1309 (1996), and to encourage attorneys to litigate these cases, by reasonably compensating them for their efforts, *Quinn*, 15 Cal.3d at 173.

**ANALYSIS**

The offset process under section 3856(b) of the Labor Code is unaffected by the assignment of a Workers' Compensation lien to a third party, as the assignee is bound just as the assignor was bound. *Phelps*, 16 Cal.4th at 31 n.5; *Crampton v. Takegoshi*, 17 Cal.App.4th 308, 318, 21 Cal.Rptr.2d 284 (1993). Thus, in seeking to offset its lien purchased from SCIF, a Workers' Compensation insurer, the United States stands in SCIF's shoes, and is bound by section 3856(b) just as SCIF would have been had it sought to offset its lien. Nonetheless, as discussed below, because the Hillers' recovery arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671, *et seq.*, to the extent the Labor Code conflicts with federal law, the latter will prevail.

**I. The EAJA and Federal Rule of Civil Procedure 54 do not preempt the provisions for determining costs under section 3856(b).**

Under section 3856(b), in offsetting a Workers' Compensation lien, a court must first determine "reasonable litigation expenses" together with "reasonable attorney's fees." Labor Code § 3856(b). While this Court has already determined the Hillers' costs in this matter, the Court did not do so under section 3856(b). Thus, the Court must determine whether it needs to reconsider its determination. Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--*should* be allowed to the prevailing party. But costs

against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1) (emphasis added). In this matter, the Hillers sued the United States. Thus, they may only obtain costs "to the extent allowed by law."

The FTCA, under which the Hillers sued, does not address costs, much less allow them. There is, however, a federal law which does allow them. The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(a), states, "Except as otherwise specifically provided by statute,[[2]] a judgment for costs *may* be awarded to the prevailing party in any civil action brought by or against the United States . . . ." 28 U.S.C. § 2412(a) (emphasis added); *Neal & Co., Inc. v. U.S.*, 121 F.3d 683, 685 (Fed. Cir. 1997). Of note is that Rule 54(d)(1) creates "a *presumption* in favor of costs to the prevailing party and an obligation for a trial court to *explain its variance* from the presumption." *Neal*, 121 F.3d at 686 (emphasis added). In contrast, the EAJA is a limited waiver of sovereign immunity, which must be strictly construed. *Id.* at 687. As such, it "does *not create a presumption* in favor" of costs, but rather, "vests the trial court with considerable discretion to award costs." *Id.* As such, it "is under *no obligation* to explain a deviation from the norm." *Id.* (emphasis added). The EAJA envisions a court may consider a wide variety of factors in reaching a decision, and may award or deny costs without explanation. *Id.*

When presented with a Workers' Compensation lien, as the United States has presented to this Court, section 3856(d) states that a court "shall" fix reasonable litigation expenses, and section 3856(b) provides that a court "shall" deduct them from a plaintiff's recovery,[3] before determining attorneys' fees, and before offsetting the lien. These sections do not conflict with

---

[2] The term "statute" means "federal statute," not "state statute." *U.S. v. Parsons Corp.*, 1 F.3d 944, 946-47 (9th Cir. 1993) (construing term "statute" in §2412(b)). If the term included the latter, then section 3856(b)'s cost determination provisions could operate under the EAJA.

[3] Although costs are "deducted" from a plaintiff's recovery, this does not mean costs are paid from a recovery. California costs are generally determined under section 1021 *et seq.* of the California Code of Civil Procedure, while federal costs are generally determined under 28 U.S.C. § 1920. Such costs are then generally chargeable to any non-prevailing parties. *See* Code Civ. Proc. § 1021 *et seq.*; Fed. R. Civ. P. 54(d)(1). Costs are thus generally awarded *in addition* to a recovery of damages. The purpose of deducting them from a recovery, prior to offsetting a Workers' Compensation lien, is to ensure the lienholder contributes towards paying the costs which were incurred to create the recovery from which it seeks reimbursement. *See Quinn v. State of California*, 15 Cal.3d 162, 168, 124 Cal.Rptr. 1, 539 P.2d 761 (1975) (equitable apportionment avoids costs consuming employee's recovery).

Rule 54(d)(1) or the EAJA. Section 3856(b) requires this Court to *determine* costs, but does not mandate a *set amount*. Nor do the prioritization or sequential aspects of section 3856(b) and (d) divest this Court of its broad discretion under the EAJA to award or deny costs without explanation. In this case, the Hillers timely presented a cost bill to the Clerk of the Court, under Civil Local Rule 54-1,[4] which the United States timely and successfully taxed in part, and this Court subsequently denied all costs under the broad discretion afforded it by the EAJA. Presented with the United States' request to offset its Workers' Compensation lien, under section 3856(d), the Court fixes reasonable litigation expenses at zero dollars, and under section 3856(b), the Court deducts this amount from the Hillers' recovery, before continuing with the first step of the offset process under section 3856(b).

**II. The Hillers are not seeking extra-recovery fees under the EAJA and Federal Rule of Civil Procedure 54.**

The United States asserts that the Hillers are attempting to obtain attorneys' fees *in addition* to their recovery. Mot. at 3:6-16. The United States asserts, however, it has not waived sovereign immunity for a claim of "extra-recovery" fees. *Id.* at 3:6-16. "Sovereign immunity bars an award of attorneys' fees against the United States unless a statute expressly authorizes such an award." *Anderson v. U.S.*, 127 F.3d 1190, 1191, *cert. denied*, 523 U.S. 1072 (1998). The Hillers sued under the FTCA, but it "does not contain an express waiver of sovereign immunity for attorneys' fees and expenses." *Id.* In contrast, the EAJA, does contain a partial waiver of sovereign immunity. *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991). The EAJA provides, "Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States . . . ." 28 U.S.C. § 2412(b).[5] A party

---

[4] Rule 54(d)(1) does not set a time frame for presenting a cost bill to the Clerk of the Court. *See* Fed. R. Civ. P. 54(d)(1). Absent a conflicting statute, Civil Local Rule 54-1 requires a party must file a cost bill within 14 days of a judgment or order under which costs may be claimed, or they waive the right to costs. The Court does not address the result had the Hillers failed to comply with Rule 54-1, but then sought costs solely under section 3856(b)'s mandate that a court must fix them. In such a case, there would be a conflict between Civil Local Rule 54-1 and section 3856(b).

[5] Title 28 U.S.C. § 2412(d) also provides for fees, under certain circumstances, but not for cases sounding in tort.

seeking such an award of attorney's fees, however, must file a motion "no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(A), (B), (B)(i).

There is no question that the Hillers did not file a motion for attorneys' fees within 14 days after the Court entered judgment. A review of their Opposition, however, fails to disclose any request for attorneys' fees under the EAJA. Their only request is that under section 3856(b), the Court should deduct attorneys' fees from their recovery *before* offsetting the United States' lien. *See* Opp'n at 2:2-3. The Court notes the Hillers need not seek fees under the EAJA, because as discussed below, and as the United States agrees, the Hillers having prevailed under the FTCA, may set aside up to 25 percent of their recovery as a *contingency fee* for their attorneys.[6]

**III. The FTCA allows the Hillers to set aside up to 25 percent of their recovery as a contingency fee for their attorneys.**

The United States asserts that under the FTCA, the Hillers' attorneys are limited to taking up to 25 percent from the Hillers' recovery. Mot. at 3:6-16. It also argues, however, that the Court should deny the Hillers attorneys' their fees due to misconduct in discovery and at trial. Reply at 6:2-10. The FTCA bars attorneys from collecting a fee in excess of 25 percent of any judgment rendered in an action brought under the FTCA. *See* 28 U.S.C. §§ 1346(b)(1), 2678 paras. 1-2; *Jackson v. U.S.*, 881 F.2d 707, 713 (9th Cir. 1989). This provision of the FTCA is not a waiver of sovereign immunity, providing for a recovery from the government, but merely "a provision that limits the amount an attorney can recover in a contingency fee arrangement." *Anderson*, 127 F.3d at 1191. Prior to 1966, the district Courts had the discretion to determine attorney's fees in FTCA actions. *Jackson*, 881 F.2d at 713. Congress, however, intentionally removed this discretion, and as

///

---

[6] In support of its assertion the Hillers may not obtain extra-recovery attorneys' fees, the United States also claims they are barred because the Hillers did not file an administrative claim for such fees, as allegedly required by the FTCA. Mot. at 4:11-5:3. The Court notes the Hillers are not seeking such fees, but even if they were: (1) the FTCA does not provide for extra-recovery attorneys' fees, *Anderson*, 127 F.3d at 1191; and (2) the United States only cites cases requiring as a jurisdictional matter that FTCA plaintiffs, under 28 U.S.C. §§ 2401(b) and 2675(a), present a written claim to a defendant federal agency, within two years of their claim accruing, and then sue within the earlier of six months of a claim's denial or twelve months of its mailing to an agency. None of these cases stand for the proposition proposed by the United States, that a claim must request extra-recovery attorneys' fees, or they are forever waived.

a result, the district courts *must* accept any agreement between the plaintiffs and their counsel which does not exceed 25% of the judgment rendered. *Id.*

The Hillers do not oppose the United States' contention that their attorneys may only take up to 25 percent in contingency fees from their recovery of $76,075, or up to $19,018.75. As previously noted, however, the Hillers instead argue that under section 3856(b), these fees should be deducted from their recovery, before the Court offsets the United States' lien of $88,590.65. Opp'n at 2:2-3. With regards to the United States' request that the Court strip the Hillers' attorneys of their attorneys' fees, the Court notes *Jackson* clearly bars this, to the extent the Hillers set their contingency fee at or below 25 percent of their recovery.[7] At this time, there is no evidence before the Court that the Hillers have exceeded this limit. If such evidence comes before the Court, it may then consider the issue.

**IV. The FTCA only preempts the provisions for determining attorneys' fees under section 3856(d) and for deducting them under section 3856(d), to the extent these provisions conflict with the FTCA.**

The United States asserts that the FTCA *completely* preempts the provisions of section 3856(b) and (d) which provide for determining and deducting attorneys' fees and as a result, its lien must be offset before the Court deducts attorneys' fees from the Hillers' recovery. Mot. at 3:18-4:10; Reply at 4:4-15. The Hillers disagree. Opp'n at 2:2-3. For support, the United States cites to *Anderson v. U.S.*, 127 F.3d 1190 (9th Cir. 1997) and *Jackson v. U.S.*, 881 F.2d 707 (9th Cir. 1989). The Court finds neither supportive. In *Anderson*, plaintiffs successfully sued the United States under the FTCA, alleging it "was liable for, *inter alia*, negligent supervision and sexual harassment based on a Washington state civil rights statute" which authorized attorneys' fees for prevailing parties. *Id.* at 1191. The district court awarded fees under this statute, and the Ninth Circuit reversed. *Id.* The Ninth Circuit held while the FTCA was a waiver of sovereign immunity for purposes of tort claims, it was not such a waiver for purposes of providing attorneys' fees under

[7] The situation might be different were the Hillers seeking an award of fees, payable by the United States. But here, the United States is asking the Court to bar the Hillers from using *their own money* to pay their attorneys.

a *state statute*. *Id.* As the court held, "A *state statute* that permits the recovery of attorneys' fees does not entitle prevailing parties to a fee award against the United States under the FTCA."[8] *Id.* (emphasis added).

*Anderson* does not help the United States, for two reasons. First, the Hillers are not seeking attorneys' fees under a *state statute*. They are entitled to set aside up to 25 percent of their recovery, under the FTCA, a *federal statute*. Second, the party invoking a state statute in this matter is the United States, by presenting the Court with a *California Workers' Compensation lien*, subject to the offset procedures established by section 3856.

More on point is *Jackson*, where plaintiffs successfully sued under the FTCA, for medical malpractice under California law. *Jackson*, 881 F.2d at 708. The district court capped attorneys' fees at 13 percent, under a California statute which restricted medical malpractice fees. *Id.* at 708-09. The Ninth Circuit reversed, holding that "Section 2678 unambiguously permits an attorney to collect on a contingency fee basis up to 25 percent of the recovery." *Id.* at 713. Contrary to the United States' position, however, *Jackson* does not support finding the FTCA completely preempts section 3856(b), because *Jackson* merely holds the FTCA preempts state law to the extent it *conflicts* with the FTCA. Thus, unless section 3856(b) *completely conflicts* with the FTCA, it is not completely preempted. The Court turns to consider this issue.

**V. The FTCA does not preempt the provisions for *deducting* attorneys' fees under section 3856(b), but it completely preempts the provisions for *determining* attorneys' fees under section 3856(d).**

When presented with a Workers' Compensation lien, as the United States has presented to this Court, section 3856(d) states that a court "shall" fix reasonable attorneys' fees, and section 3856(b) provides that a court "shall" deduct them from a plaintiff's recovery, before offsetting the lien. To the extent subdivision (d) requires the Court to determine reasonable attorneys' fees, it is preempted by the FTCA. As *Jackson* clearly holds, the Hillers are free to set

///

[8]The court did not analyze whether the parties sought or could have sought fees under the EAJA.

aside up to 25 percent of their recovery as a contingency fee for their attorneys, and as long as they do not exceed this percentage, the Court may not review the Hillers' decision.

In contrast, however, the prioritization or sequential provisions of section 3856(b) do not conflict with the FTCA. Deducting the Hillers' contingency fee from their recovery prior to offsetting the United States Workers' Compensation lien against it, does not conflict with the FTCA. The United States argues, however, under *United States v. Cohen*, 389 F.2d 689 (5th Cir. 1967), that its lien must be offset, *before* the Court deducts reasonable attorneys' fees from the Hillers' recovery, under section 3856(b). The United States claims *Cohen* involved a priority conflict between a lien for attorneys' fees held by an attorney who prevailed in an FTCA suit, and a federal lien held by the United States for Cohen's unpaid taxes, which the United States sought to offset against Cohen's recovery. Reply at 7-11. The court held the tax lien had priority. *Id.* at 11-12. The United States admits *Cohen* did not involve a lien arising under state law. *Id.* at 12-13.

The Court notes *Cohen* does not apply for three reasons. First, as the United States concedes, a conflict between two federal liens does not equate to a conflict between a federal lien and a state lien. Second, *Cohen* held the attorney *did not have any lien*. *Cohen*, 389 F.2d at 692. Rather, the attorney's claim to fees was merely derivative of Cohen's rights to his recovery, which was subject to a federal tax lien. *Id.* Third, the United States does not hold a *federal lien*. It holds a *California Workers' Compensation lien*, whose offset turns on section 3856(b). Turning back to section 3856(b), the Court finds that once the Hillers have set aside an amount up to 25 percent of their recovery, then under section 3856(b), the Court may deduct this amount from their recovery, before proceeding to offset the United States' Workers' Compensation lien against their recovery, under the second step of section 3856(b)'s two-step process.

**VI. The FTCA does not preempt the second step for offsetting a lien under section 3856(b).**

As the United States has presented a Workers' Compensation to this Court, in the second step of section 3856(b)'s offset process, after the Court has deducted reasonable costs and reasonable attorneys' fees from the Hillers' recovery, the Court "shall, on application of the [United States],

///

///

allow as a first lien against the amount of such [recovery], the amount of" its lien of $88,590.65.[9] Labor Code § 3856(b); *see Phelps*, 16 Cal.4th at 30. There is nothing in this second step of section 8356(b)'s offset process which is preempted by the FTCA.

**VII. The United States' lien is chargeable to Mr. Hiller's recovery, but not to Ms. Hiller's recovery, and not to the Hillers' costs.**

As the United States correctly notes, in California, Workers' Compensation liens are chargeable against economic and non-economic damages. *Scalice v. Performance Cleaning Sys.*, 50 Cal.App.4th 221, 237-38, 57 Cal.Rptr.2d 711 (1996) (*citing Heaton v. Kerlan*, 27 Cal.2d 716, 723, 166 P.2d 857 (1946)). As it also correctly notes, they are not chargeable against an employee's spouse's claim for loss of consortium, arising from an incident leading to the payment of Workers' Compensation benefits. *Gapusan v. Jay*, 66 Cal.App.4th 734, 742-43, 78 Cal.Rptr.2d 250 (1998).

The United States, however, also claims its lien may somehow be offset against costs, but directs the Court to no authority for this proposition. Mot. at 5:17-20. In other words, it seeks to offset its lien not against just the Hillers' recovery of $76,075, but against this amount, plus the $14,739.68 in costs allowed by the Clerk of the Court, or a total of $90,814.68.[10] In response, the Court simply notes the United States stands in SCIF's shoes and may thus only enforce its Workers' Compensation lien under section 3865(b). *Phelps*, 16 Cal.4th at 31 n.5; *Crampton*, 17 Cal.App.4th at 318; *Hone*, 59 Cal.App.3d at 531. As such, the Court also notes section 3856(b) clearly provides the Court must first deduct reasonable *costs* and attorneys' fees from a judgment, and *then* offset a Workers' Compensation lien against that judgment. Section 3856(b) says nothing about offsetting such liens against the costs *already deducted*. The United States' lien is thus chargeable to Mr. Hiller's recovery, but not Ms. Hiller's recovery, and not to the Hillers' costs.

**VIII. The FTCA does not preempt apportionment under *Quinn v. State of California.***

In addition to prioritizing costs, attorneys' fees, and any liens, under section 3856(b), a court

---

[9] Actually, the offset would only be against Mr. Hiller's recovery. *See* part VII *infra*.

[10] The United States raised this assertion before the Court had denied all costs to the Hillers.

must *apportion* attorneys' fees under *Quinn v. State of California*, 15 Cal.3d 162, 164, 124 Cal.Rptr. 1, 539 P.2d 761 (1975). "[O]ne who expends attorneys' fees in winning a suit which creates a fund from which others derive benefits, may require those passive beneficiaries to bear a fair share of the litigation costs." *Quinn*, 15 Cal.3d at 167. "California courts have long applied this principle of apportionment." *Id.* at 168. The underlying purpose is to spread the burden of the litigation among those who benefit, and to encourage attorneys to litigate matters which involve or may involve passive beneficiaries, by ensuring these attorneys will reasonably gain from their efforts. *Id*. The California Legislature has incorporated this equitable doctrine into section 3856. *Id.* at 169-70. Thus, a court equitably apportions the reasonable attorneys' fees, determined under section 3856(d) and deducted under section 3856(b), between the employee and the employer. *Id.* at 170, 175-76.[11] This process applies to a lien holder or to an assignee, who " 'steps into the shoes' of [the assignor] and accepts not only the rights but obligations attendant to said lien." *Hone v. Climatrol Indus., Inc.*, 59 Cal.App.3d 513, 531, 130 Cal.Rptr. 770 (1976).

Here, the Hillers' attorneys created a fund for the Hillers, the fund's active beneficiaries. In turn, the United States purchased a Workers' Compensation lien from SCIF. It has asserted its lien under section 3856(b), seeking to become the fund's passive beneficiary. Under *Hone*, the United States is thus subject to equitable apportionment under *Quinn*, just as SCIF would have been had it presented its lien to this Court. As such, after the Court offsets the United States' lien against Mr. Hiller's recovery, *see* discussion in part VI *infra*, it will equitably apportion the contingent fee determined by the Hillers, *see* part III *supra*, between the beneficiaries both active, the Hillers, and passive, the United States.

**IX. The Net result of offset: Mr. Hiller's net recovery will be zero dollars.**

In this matter, Mr. Hiller recovered $12,550 for past medical expenses, $7125 for lost prior wages, and $37,650 in general damages. His total recovery was $57,325. Ms. Hiller recovered $18,750 for loss of consortium. The Hillers' total recovery was $76,075. Given these amounts,

---

[11] *Quinn* speaks of a court implementing section 3856(b) by first determining a fee, then equitably apportioning it between the employer and employee. 15 Cal. 3d at 175-76. Clearly, as discussed in part V *supra*, the FTCA preempts *Quinn*'s holding to the extent it would have the Court determine a fee.

offset under section 3856(b) shall proceed as follows. First, the Court must determine reasonable costs, under Rule 54(d)(1) and the EAJA, which it has already done, finding there were none. *See* part I *supra*. Second, under the FTCA, the Hillers shall provide the Court with the amount of their attorneys' fees, which amount shall not exceed 25% of $76,075, or $19,018.75. *See* part III *supra*. Third, the Court shall deduct these costs and attorneys' fees from the total recovery of $76,075. *See* parts I, V *supra*. Fourth, the Court shall deduct Ms. Hiller's $18,750 from the remaining recovery amount. *See* part VII *supra*. Fifth, the Court shall deduct the United States' lien of $88,590.65 from the remaining recovery amount. *See id.* At this point, there will be no money left for Mr. Hiller, so his net recovery will be zero dollars. Sixth, the Court shall apportion the Hillers' attorneys' fees between Ms. Hiller[12] and the United States.[13] *See* part VIII *supra.*

Even though Mr. Hiller takes nothing, this is a proper resolution as it is anticipated by California law. This "rule giving priority to the claim for litigation expenses and attorney fees was created for cases . . . in which the amount of the judgment is insufficient to pay reasonable litigation

---

[12] Ms. Hiller may shield her recovery from a Workers' Compensation lien, *Gapusan*, 66 Cal.App.4th at 742-43, but as a matter of equity, she may not shield it from apportionment, *see Quinn*, 15 Cal.3d at 167.

[13] Given the cost award of zero dollars, and assuming a fee of 25%, offset would proceed as follows. First, the Court would set aside $19,019.75 in attorneys' fees, from the $76,075, leaving $57,056.25 for the parties. From this amount, the Court would set aside Ms. Hiller's $18,750, leaving $38,306.25 for Mr. Hiller, which the United States would claim via its lien.

For purposes of apportionment, the $19,019.75 in attorneys' fees would then be added back into the United States' pre-apportionment share, so Ms. Hiller would have a pre-apportionment share of $18,750 and the United States would have one of $57,325. The Court must add the fees back in, because prior to apportionment, after the attorneys' fees were deducted, Ms. Hiller received a *full* recovery, and then the *remainder* went to the United States, as a lienholder claiming through Mr. Hiller. Thus, prior to apportionment, Ms. Hiller effectively paid *nothing* towards attorneys' fees, while the United States effectively paid *all* of the attorneys' fees. In order for the Court to apportion the attorneys' fees between Ms. Hiller and the United States, the Court must add the fees back into the United States' share, and then it can deduct portions from Ms. Hiller's and/or the United States' pre-apportionment shares to re-constitute the $19,019.75 in attorneys' fees.

To do so, the Court would select variables for the following equation: $\$18{,}750x + \$57{,}325y = \$19{,}019.75$, where $x$ and $y$ represent the percent Ms. Hiller and the United States would each pay out of its respective pre-apportionment share for attorneys' fees. After the Court set these variable, and calculated each entity's percent of attorneys' fees, the Court would then deduct these fees from their pre-apportionment shares, to determine their net recovery.

Note that neither $x$ nor $y$ are capped at 25%, as the apportionment analysis is separate from the fee determination made by the Hillers and their counsel. Regardless of how the Court sets $x$ and $y$, the attorneys will receive the contingency percentage determined by the Hillers based on the total recovery, before any deductions or offsets.

expenses and attorney fees and also fully reimburse the employer." *Phelps*, 16 Cal.4th at 30-31. Where an employee recovers an amount insufficient to cover reasonable costs, reasonable attorneys' fees, and his or her employer's liens, the employee himself or herself, will get *nothing*. *See Crampton v. Takegoshi*, 17 Cal.App.4th 308, 318-19, 21 Cal.Rptr.2d 284 (1993), *disapproved of on other grounds by Phelps*, 16 Cal.4th at 34.[14] Here the United States' lien, which represents Workers' Compensation benefits paid due to the incident giving rise to this matter, *exceeds the Hillers' total recovery*. Thus, under the priority given in California to reimbursing Workers' Compensation lienholders, because the Hillers failed to obtain a recovery greater than the Workers' Compensation benefits paid, Mr. Hiller will take nothing, once reasonable costs and attorneys' fees, and Ms. Hiller's recovery are set aside, prior to offset.

**CONCLUSION**

Accordingly, the Court GRANTS in part and DENIES in part defendant United States of America's Motion for Determination of Lien Offset Amount to Be Applied to Judgment (the "Motion") [Docket No. 152] as follows. The Court Orders that within five days of the date of the entry of this Order, plaintiffs the Hillers shall file a declaration stating how much of their total recovery of $76,075 they wish to pay as attorneys fees, up to a maximum of 25% of this total recovery, or $19,018.75. The Court will then offset the California Workers' Compensation lien held by the United States, in the amount of $88,590.65, against Mr. Hiller's damages of $57,325, but not against Ms. Hiller's damages of $18,750. As a result, Mr. Hiller will take nothing. The Court will then apportion the attorneys' fees between Ms. Hiller and the United States.

IT IS SO ORDERED.

September 30, 2008

Saundra B Armstrong

---

[14] In addition, the California Labor Code has provisions which support finding that an employer will be made whole, even if an employee takes nothing. Section 3858 states if the employee obtains a recovery, and after a court determines the reasonable litigation expenses and attorney's fees, if there is still money left over which has not been applied to satisfy the employer's lien, then "the employer shall be relieved from the obligation to pay further compensation to or on behalf of the employee under this division up to the entire amount of the balance of the judgment, if satisfied, without any deduction." In the alternative, an employer may apply for a credit with the Workers' Compensation Appeals Board against its "liability for compensation." *Id.* § 3861.

Saundra Brown Armstrong
United States District Judge