**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

SHAWN LEE HILLER and STACEY HILLER,

       Plaintiffs,

v.

UNITED STATES OF AMERICA and DOES 1 to 20,

       Defendant.

No. C 05-01620 SBA

**ORDER**

This matter arises from a motor vehicle accident involving Shawn Hiller, a California Highway Patrol officer, and a United States Postal vehicle. Mr. Hiller and his wife sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671, *et seq.* Prior to trial, Mr. Hiller received $88,590.65 in Workers' Compensation benefits from the State Compensation Insurance Fund ("SCIF"). Under section 3856 of the California Labor Code, SCIF held a lien in this amount against any recovery Mr. Hiller obtained in this matter. Prior to trial, the government purchased this SCIF lien. As a result of a bench trial, Mr. Hiller recovered $57,325 in damages, and Ms. Hiller recovered $18,750 in damages, for a total recovery of $76,075 in damages. After the trial, the government and the Hillers disputed the priority of the SCIF lien relative to paying costs and attorneys' fees, and whether or not or to what extent the FTCA preempted operation of Labor Code section 3856.

After briefing by the parties, the Court resolved this dispute on September 30, 2008. *See* Docket No. 165. The Court ordered the Hillers to file a declaration within five days stating how much of their total recovery of $76,075 they wished to pay as attorneys fees, up to a maximum of 25 percent of their total recovery, or $19,018.75. *See id.* at 15. The Court indicated it would then offset the SCIF lien held by the government against Mr. Hiller's damages, but not against Ms. Hiller's damages. As a result, the Court noted, Mr. Hiller would take nothing. *See id.* The

///

1 Court indicated it would then apportion the attorneys' fees between Ms. Hiller and the government.
2 *See id.*
3     In response, the Hillers filed a joint declaration indicating they wished to pay as attorneys
4 fees, 25 percent of their total recovery, or $19,018.75.  Docket No. 168.  Accordingly, based on the
5 Court's September 30, 2008 Order, the Court offsets the SCIF lien held by the government, in the
6 amount of $88,590.65, against Mr. Hiller's damages of $57,325, but not against Ms. Hiller's
7 damages of $18,750.  As a result, Mr. Hiller takes nothing.  Thus, prior to allocating the $19,018.75
8 in attorneys' fees, Ms. Hiller has an $18,750 share and the government has a $57,325 share of the
9 $76,075 recovery.  As a matter of equity, the Court apportions the attorneys' fees pro-rata between
10 Ms. Hiller and the government, so that each will contribute 25 percent of their recovery to the total
11 attorneys' fees.  As a result, Ms. Hiller will take a net share of $14,062.50 and contribute $4,687.50
12 to attorneys' fees, while the government will take a net share of $42,993.75 and contribute
13 $14,331.25 to attorneys' fees.

15     IT IS SO ORDERED.

   October 27, 2008                             _____
17                                                Saundra Brown Armstrong
                                                 United States District Judge